UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| ABITSCH & ABITSCH, LLC, | No. C 12-2112 MEJ |
| Plaintiffs, | **ORDER REMANDING CASE** |
| v. | |
| DARUKA WANIGATUNGA, | |
| Defendant. | |
| _____/ | |

On April 27, 2012, Defendant Daruka Wanigatunga removed this unlawful detainer action from San Francisco County Superior Court. Plaintiff Abitsch & Abitsch has now filed a Motion to Remand. Dkt. No. 4. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby VACATES the June 28, 2012 hearing.

In his notice of removal, Defendant states that although there was no federal cause of action, Abitsch recently produced documents "indicating that requisite elements for federal claims now exist." Not. of Removal at 2, Dkt. No. 1. Defendant has subsequently filed a counter-complaint against Abitsch under the Federal Debt Collection Practices Act. Dkt. No. 2.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt

as to the right of removal in the first instance." *Id.* at 566. Further, a district court must remand the case to state court if it appears at any time before final judgment that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Here, federal question jurisdiction does not exist because no federal claims were present at the time of removal. Although Defendant argues that jurisdiction is proper because he filed a counterclaim for violation of the Federal Debt Collection Practices Act, federal jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected ." *Strotek Corp. v. Air Transport Ass'n. of America*, 300 F.3d 1129, 1133 (9th Cir. 2002). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This rule makes the plaintiff the master of its complaint and permits it to avoid federal jurisdiction by relying exclusively on state law. *Id.* Ordinarily, therefore, federal question jurisdiction is determined from the face of the plaintiff's complaint. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). Thus, as the only claims here are based upon state law contractual causes of action, Defendant's yet-to-be-filed counterclaim is irrelevant.

Based on this analysis, the Court finds that jurisdiction is improper and this case is therefore REMANDED to San Francisco County Superior Court. Based on Defendant's prior counsel's declaration, the motion for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: May 24, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

2